UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT GIBSON,

    Petitioner,

v.                                                          Case No. 8:10-CV-637-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**O R D E R**

This matter is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("petition") (Doc. 1). The Petitioner is a state prisoner who challenges his 1967 conviction and sentence entered by the Tenth Judicial Circuit Court, Polk County, Florida. Petitioner contends in his petition that his due process rights were violated because he received a life sentence, but his co-defendant received only a 20 year prison sentence. He also raises a claim of ineffective assistance of trial counsel due to an actual conflict of interest.

**DISCUSSION**

Petitioner challenges the validity of his sentence. "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *Antonelli v. Warden. U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). However, a writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). 28 U.S.C. § 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). § 2254 applies to "'a person in custody *pursuant to the judgment of a State court* who is in custody in violation of the Constitution or law or treaties of the United States." *Id*. (quoting section 2254(a)) (emphasis in original). "[A] habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions." *Id*., at 785 (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Id*., at 787. Accordingly, this court must apply the procedural restrictions contained in § 2254 to Petitioner's petition.

Petitioner is in custody pursuant to the judgment of a state court. Therefore, his petition is governed by § 2254 and its "attendant restrictions," such as the statute of limitation period. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year. Section 101 of AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

2

The limitation period shall run from the latest of–

>    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitions contesting events occurring prior to the enactment of the AEDPA should have been filed within one (1) year of the enactment, or by April 23, 1997, absent any tolling of the statute of limitation. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Because the events Petitioner complains of occurred prior to the enactment of the AEDPA, he had until April 23, 1997, in which to file the instant petition. Petitioner did not file the instant petition until March 2010, almost 13 years late. Petitioner's state post-conviction motion, filed in 2008, and state petition for writ of habeas corpus, filed in 2009 (see Dkt. 1 at pgs. 11-13), had no effect on the running of the AEDPA's limitation period as they were initiated well after the limitation period expired on April 23, 1997. *See Webster*

*v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001). Consequently, Petitioner's federal habeas petition is untimely.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has not shown or alleged that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence. Therefore, he is not entitled to equitable tolling. Consequently, the petition must be dismissed as time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before April 16, 2010.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

4

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*